07-5393-pr
Connelly v. Lantz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand ten.

PRESENT:
>
> Rosemary S. Pooler,
> Debra Ann Livingston,
> > *Circuit Judges*,
>
> Denny Chin,[*]
> > *District Judge.*

---

William Connelly*,*

> *Plaintiff-Appellant,*

-v.-                                                                 07-5393-pr

Theresa Lantz,

> *Defendant-Appellee.*

---

FOR APPELLANT:          William Connelly, *pro se*, Enfield, Connecticut.

---

[*]Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE: Steven R. Strom, Assistant Attorney General, Hartford, Connecticut.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant William Connelly, *pro se*, appeals from the November 6, 2007 judgment of the United States District Court for the District of Connecticut (Hall, *J.*) granting the Appellee's motion for summary judgment. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews an order granting summary judgment *de novo* and focuses on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

After having reviewed Connelly's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion. We agree with the district court that, viewing the statutory changes as a whole, Connelly has failed to demonstrate a constitutional violation. *See United States v. Ruggiero*, 100 F.3d 284, 293 (2d Cir. 1996) (finding that "[i]n assessing whether a sentencing provision violates the *ex post facto* clause, a court must compare the two statutory schemes as a whole, rather than each provision"). Additionally, we find no merit to Connelly's argument that the district court

erred by failing to consider whether changes in the Department of Correction's guidelines violated his constitutional rights, as he did not raise this claim in his complaint and, in any event, the *ex post facto* clause does not apply to the Department's guidelines or administrative directives. *See Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (finding that "*Ex Post Facto* Clause does not apply to guidelines that do not create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion"); *DiNapoli v. N.E. Reg'l Parole Comm'n*, 764 F.2d 143, 147 (2d Cir. 1985) (finding that "federal parole guidelines . . . are not 'laws' within the meaning of the *ex post facto* clause").

We have considered all of Connelly's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk